# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0226, <u>Kerriann Catlaw v. Gill Rodrigue</u>, the court on December 3, 2021, issued the following order:**

Having considered the brief of the plaintiff, Keriann Catlaw, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals a Circuit Court (<u>Leonard</u>, J.) order entering judgment in favor of the defendant, Gill Rodrigue, on her small claim action alleging breach of contract. We affirm.

The relevant facts are as follows. In the fall of 2018, the plaintiff hired the defendant to install a new combination boiler/hot water heater and HVAC system in her Bedford home. The defendant completed the work in November 2018 for which the plaintiff paid him $26,000.

The plaintiff was unsatisfied with the work. She testified that the boiler that the defendant installed was too small for her home and failed to provide sufficient heat. The defendant testified that "everything was working fine" and that "she complained about hot water taking longer than 50 seconds to get to the furthest bathroom, and on a combi boiler without a storage tank that would happen." He testified that he "tried to come up with a way to reintroduce a recirculating pump into the system without a storage tank for her without a throw switch," but that "it just wouldn't work." He testified that "once the water started flowing[,] the switch wouldn't shut off and it would knock out the heat."

On January 9, 2019, the parties entered into a written agreement in which the defendant agreed, among other things, to refund the plaintiff $11,500 by paying her $1,000 monthly, beginning on February 4, 2019. In exchange, the plaintiff agreed to "maintain the HTP combo boiler in a safe and secure location until payments are made in full," at which point she agreed to return the boiler to the defendant. The agreement includes a handwritten note, which states: "Terms are agreed to so long as no part of the boiler or manifold are damaged in anyway." The plaintiff acknowledges that the handwritten note was a provision of the parties' agreement.

Shortly thereafter, the plaintiff hired her ex-husband, who has his own plumbing and heating business, to "correct" the defendant's work. On January 28, 2019, she paid her ex-husband $3,000 for his labor, which included removing the boiler that the defendant had installed.

According to the defendant, the boiler was damaged by its removal. He testified that "[t]he way it was cut out, it's missing the header, it's missing everything." The defendant testified that he became aware of the damage when the plaintiff texted him a photo of the boiler on the day it was removed. The defendant testified that the damage is so extensive that the boiler cannot be safely reinstalled elsewhere or resold. He also testified that the plaintiff "kept most of [his] materials," including "circulator pump" and "expansion tank." The plaintiff and her ex-husband testified, to the contrary, that the boiler was not damaged when it was removed, and that it could be reinstalled safely in another home.

Thereafter, the defendant failed to make the monthly payments under the parties' agreement. In June 2019, the plaintiff sued the defendant to recover the $11,500. Following an evidentiary hearing, the court determined that the plaintiff had failed to meet her burden of proving, by a preponderance of evidence, that the defendant breached the parties' January 2019 agreement. The court specifically found that the plaintiff breached the agreement "by damaging the boiler when it was removed." The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.

We will uphold the trial court's findings and rulings unless they lack evidentiary support or are legally erroneous. Short v. LaPlante, 174 N.H. ___, ___ (decided August 27, 2021) (slip op. at 3). Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. at (slip op. at 3). Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Id. at ___ (slip op. at 3). We review the trial court's legal rulings and its application of law to fact de novo. Id. at ___ (slip op. at 3).

On appeal, the plaintiff first argues that the trial court erred by "excusing" the defendant's "breach" by relying upon an affirmative defense that he neither pleaded nor proved. We do not share the plaintiff's interpretation of the trial court's order. See In the Matter of Sheys & Blackburn, 168 N.H. 35, 39 (2015) ("The interpretation of a court order is a question of law, which we review de novo."). The trial court did not find that the defendant breached the agreement and that his breach was excused. Rather, the court determined that the boiler being undamaged was a condition precedent to the defendant's obligation to make monthly payments. Upon the failure of the condition precedent, the defendant had no duty to perform, and the agreement was unenforceable as a matter of law. See Short, 174 N.H. at ___ (slip. op. at 3-4).

The record supports the trial court's finding that the boiler was damaged by its removal. As the plaintiff acknowledges, the defendant testified to the damage, and we disagree with her that his testimony was insufficient to

2

establish that fact. Although the plaintiff cites contrary evidence, "any conflicts in the evidence were for the trial court to resolve in the first instance." Id. at ___ (slip op. at 7). In addition, contrary to the plaintiff's assertions, the trial court reasonably could have inferred from the testimony and the January 28, 2019 $3,000 check to her ex-husband's business that he removed the boiler in January 2019, before the agreement required the defendant to make his first monthly payment on February 4, 2019. We have reviewed the plaintiff's remaining appellate arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 221, 222 (1993). For all of these reasons, we affirm the trial court's decision.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**